# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-0804V
Filed: September 30, 2019
UNPUBLISHED

| | |
|---|---|
| CHRISTIAN MATTHEW HAYES,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Samantha P. Travis, Ogle Worm & Travis, PLLP, Kalispell, MT,* for petitioner.
*Colleen Clemons Hartley, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On June 6, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that as a result of receiving a varicella vaccine on July 25, 2016, he suffered an active disseminated vaccine-strain varicella infection, with subsequent permanent scarring. Petition at 1. On June 19, 2019, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 29.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 15, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 34. Petitioner requests attorneys' fees in the amount of $17,257.50 and attorneys' costs in the amount of $1,427.50. *Id.* at 5. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 23. Thus, the total amount requested is $18,685.00.

On August 15, 2019, respondent filed a response to petitioner's motion. ECF No. 35. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's requests and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**I. Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**II.     Attorney Fees**

    A.  Hourly Rates

Petitioner requests compensation for attorney Samantha Travis at the rate of $300 per hour and for the paralegal at a rate of $150 per hour.  ECF No. 34 at 9-12.  The undersigned finds the requested rates excessive based on Ms. Travis' overall legal experience and her limited experience in the Vaccine Program.[3]  *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).[4]  The undersigned finds a reduction in the requested rates reasonable for the reasons listed below.

        i.   Samantha Travis

Ms. Travis was previously awarded the rates of $230 per hour for 2017 and $245 per hour by the undersigned.  *Rojas v. Sec'y of Health and Human Servs.,* No. 14-1220V, 2017 WL 6032300 (Fed. Cl. Sp. Mstr. April 5, 2017).  Ms. Travis does not provide any supporting information as to why her rate should deviate from the decision in *Rojas.*  Therefore, the undersigned reduces Ms. Travis's rates for 2017 and 2018 to the previously awarded rates.  A rate increase is reasonable for 2019, however a such a significant increase in Ms. Travis' rate no supporting documentation was provided to support such an increase.  The undersigned will award Ms. Travis a rate of $260 for work performed in 2019.  This results in an overall reduction of attorney's fees in the amount of **$2,287.50**.[5]

        ii.   Paralegal Rates

Petitioner requests compensation for the paralegal (listed on the billing as "CM") at the rate of $150.00 per hour.  It is unclear what CM's exact role was in this case but based on the billing records the tasks appear to be paralegal in nature.  The rate of $150 per hour is excessive for a paralegal in a non-forum location.  In *Rojas*, the paralegal was awarded the rate of $90 per hour for all time billed.  *Rojas,* 2017 WL 6032300, at *14.  As there is no supporting documentation to support a rate increase, the undersigned finds the previously awarded rate of $90 per hour reasonable and awards it herein.  This reduces the request for attorney fees in the amount of **$1,557.00**.[6]

    B.  Vague Billing Entries

---

[3] This is Ms. Travis' third case in the Vaccine Program. At this time, she currently has one open case in the program.

[4] Attorney hourly rates are set forth in the OSM Attorneys' Forum Hourly Rate Schedules for years 2015 - 2019 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

The undersigned does question an entry on January 7, 2019, entered as "prepared court list". ECF No. 34 at 10. Due to the vague entry the undersigned is unclear as to what the "court list" entails or why it took 2.60 hrs to create. The undersigned has previously decreased awards of attorneys' fees for vagueness. *Mostovoy v. Sec'y of Health & Human Servs.,* No. 02-10V, 2016 WL 720969 (Fed. Cl. Spec. Mstr. February 4, 2016); *Barry v. Sec'y of Health and Human Servs.*, No. 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries). An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, No. 89-35V, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-0559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009). As the relevance of this entry is unknown, the undersigned will not reimburse this entry, and the request for fees is reduced by **$234.00**.[7]

### III.     Attorney Costs

Petitioner requests reimbursement for attorney costs in the amount of $1,427.50. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

### IV.     Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $14,606.50[8] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Samantha P. Travis.**

The clerk of the court shall enter judgment in accordance herewith.[9]

---

[5] This amount consists of ($300 - $230 = $70 x 3.6 hrs = $252) + ($300 - $245 = $55 x 21.30 hrs = $1,171.50) + ($300 - $260 = $40 x 21.6 hrs = $864) = $2,287.50.

[6] This amount consists of $150 - $90 = $60 x 25.95 hrs = $1,557.00.

[7] This amount consists of the already reduced rate of $90 x 2.60 hrs = $234.00.

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
